UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Channavy Chhay,
Plaintiff

CA 07 397 ML

C.A. No.__________________

v.

City Year, Inc. and Michael Goldstein
Defendants

## COMPLAINT AND DEMAND FOR TRIAL

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by Channavy Chhay (hereafter "CHHAY" or "Plaintiff") against CITY YEAR, INC. AND MICHAEL GOLDSTEIN (hereafter "Defendants" or "Employers"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., in addition to other federal, state, and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e-5(f)(1) and (3), All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), because:

a) the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;

b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Providence, Rhode Island, within this judicial district; and

c) the Plaintiff would currently be employed by the Defendant at its place of business in Providence, Rhode Island, within this judicial district, as a full-time employee, but for the Defendants' unlawful employment practices.

4. Plaintiff timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been subjected to unlawful discrimination on the basis of her race/national origin and religion. (RICHR No. 06 ERA 108, EEOC NO. 16JA600037)

5. In timely fashion, Plaintiff requested Right To Sue authorization from the EEOC and RICHR, and has filed this action within ninety (90) days of her receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT B, C).

## PARTIES

6. The Plaintiff, Channavy Chhay, an individual, is a citizen and resident of the Town of East Greenwich, Rhode Island.

7. On information and belief, Defendant City Year, Inc. is a non-profit organization that operates in the area of community service. City Year, Inc. operates in sixteen cities, one of which is in Providence, Rhode Island. Defendant Michael Goldstein was the Executive Director of Defendant City Year, Inc. during the events cited in this Complaint.

8. At all times material to the allegations of this Complaint, the Defendant City Year, Inc. has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant City Year, Inc. was and is an Employer covered under the provisions of R.I.G.L. §42-112-1 et seq. and §28-5-1 et seq. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, under the provisions of R.I.G.L. §42-112-1 et seq. and §28-5-1 et seq.

10. At all times material to the allegations of this Complaint, the Defendant City Year Inc. has continuously been engaged in an industry affecting commerce within the meaning of pertinent provisions of Title VII of the Civil Rights Act of 1964.

11. Defendant City Year Inc. at all times pertinent to this action was an employer within the meaning of R.I.G.L. §§28-5-6(2)(A) and 28-48-1(c) and within the meaning of R.I.G.L. §42-112-1, et seq., and all other provisions pertinent to this action.

12. At all times material to the allegations of this Complaint, Plaintiff was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); and is otherwise covered as an individual and/or an employee under the provisions of R.I.G.L. 28-5-1 et seq. and 42-112-1 et seq.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the

Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant City Year, Inc., with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff was hired by the Defendant City Year, Inc. on August 16, 2004 as the Program and Service Director.

15. Plaintiff was charged with managing the relationships and contracts with those schools and associations for whom City Year, Inc. performed community service.

16. At all times, Plaintiff met or exceeded the Employer's legitimate work expectations.

17. Plaintiff was valued by her co-workers as professional, hardworking, and diligent.

15. Plaintiff's race/ethnic background is Cambodian.

16. Plaintiff's religion is Buddhist.

17. Plaintiff was hired under Ann-Marie Reddy, the former Executive Director.

18. Ms. Reddy left her position as Executive Director in or about the end of October, 2004.

19. Defendant Michael Goldstein assumed the position of Executive Director

on December 16, 2004.

20. Plaintiff first met with Defendant Goldstein on December 20, 2004.

21. During this meeting, Plaintiff found that her suggestions and contributions was disregarded, met with no eye contact, and was rebuffed by Defendant Goldstein while he responded respectfully and courteously to her Caucasian peers.

22. This and other misconduct was observed not only by the Plaintiff but also by certain of Plaintiff's coworkers.

23. When Plaintiff met with Defendant Goldstein in his office, Defendant Goldstein often behaved by placing two hands behind his head, yawning, stretching, and displaying no interest in her reports regarding her work.

24. Plaintiff never observed the behavior referenced in Paragraph No. 23 above or similar behavior being displayed by Goldstein towards Plaintiff with her Caucasian co-workers.

25. On various occasions, Defendant Goldstein met with Plaintiff's subordinates to discuss issues that were in the scope of Plaintiff's position which he failed to discuss with her.

26. Defendant Goldstein curtly stated to the Plaintiff that he "[didn't] understand her," indicating that he thought her English was below par. In fact, Plaintiff's command of the English language is proficient, and entirely adequate for her position and duties.

27. Defendant Goldstein consistently failed to acknowledge or recognize the contributions made by the Plaintiff to the Employer while often recognizing the work done by her Caucasian peers.

28. Defendant Goldstein often undermined Plaintiff's work with her staff and volunteers, circumventing her because he said he "did not understand her," implying that some sort of language barrier existed.

29. On one occasion, Defendant Goldstein did not inform Plaintiff of his intention to take one of her staff members to a meeting at the National office.

30. Defendant Goldstein invited Plaintiff's staff, *excluding* Plaintiff, to dinner via e-mail. In a malicious attempt to demean and taunt the Plaintiff, Goldstein copied her on this e-mail.

31. On February 1, 2004, Defendant Goldstein went to Plaintiff's office and asked to escort her to the 4th floor of the building (City Year offices are on the 3rd floor.)

32. On the date referenced in Paragraph No. 31, Plaintiff was brought by Defendant Goldstein to meet with Dan McAllister, Manager of Human Resources of City Year National. At this meeting, Defendant Goldstein informed Plaintiff that she was "not a match with where the organization was heading."

33. Plaintiff inquired if she had done anything wrong and was informed by Defendant Goldstein "Nothing, that's just how it is." Defendant Goldstein then said, "I am leaving and if you have further questions, feel free to ask Dan."

34. Plaintiff inquired of the Manager of Human Resources if she had done anything wrong and he said, "Nothing, nothing" and proceeded with her termination.

35. Since her termination, Plaintiff's title has been assigned to a Caucasian employee.

36. The Defendants' conduct reflects, in both purpose and effect, a blatant,

willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and discharged him, as a result of her Buddhist faith and race/ national origin.

37. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL DISCHARGE**
**RETALIAITON**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. §42-112-1**

38. The allegations contained in paragraphs 1-37 above are incorporated herein by reference in their entirety.

39. The Defendant's discriminatory conduct, policies, and practices are violative of the provision of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religion and race/ national origin;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her religion and race/national origin; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, a well as harm to her personal and professional reputation.

40. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's religion and race/national origin. Such practices include, but are not limited to, Defendants':

a. discharging Plaintiff because of her religion and race/national origin;

b. forcing Plaintiff to work under discriminatory terms and conditions of employment; and

c. retaliating against Plaintiff for complaining about her unlawful work environment.

41. But for the Defendants' intent to discriminate against Plaintiff, Defendants would not have discharged Plaintiff, subjected her to discriminatory terms and conditions of employment, retaliated against her.

42. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's religion and race/national origin. The Defendants' conduct has unlawfully deprived Plaintiff of her employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. §28-5-1 ET SEQ.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**DISCHARGE**
**RETALIATION**

43. Paragraphs 1-37 above are herein incorporated by reference in their entirety.

44. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religion and race/ national origin;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her religion and race/ national origin; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

45. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's religion and race/ national origin. Such practices include, but are not limited to, Defendants':

a. discharging Plaintiff because of her religion and race/ national origin;

b. forcing Plaintiff to work under discriminatory terms and conditions of employment; and

c. retaliating against Plaintiff for attempting to assert her rights protected under state law.

46. But for the Defendants' intent to discriminate against Plaintiff because of her religion and race/ national origin, Defendants would not have terminated Plaintiff, retaliated against her, or subjected her to discriminatory terms and conditions of employment.

47. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation and professional mobility; and has caused her humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 USC 2000e ET SEQ.**

48. Paragraphs 1-37 above are herein incorporated by reference in their entirety.

49. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

a. interfering with Plaintiff's right to avail herself to the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on religion and race/national origin;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on religion and race/national origin;

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

50. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's religion and race/ national origin. Such practices include, but are not limited to, Defendants':

a. discharging Plaintiff because of her religion and race/ national origin;

b. forcing Plaintiff to work under discriminatory terms and conditions of employment; and

c. retaliating against Plaintiff for attempting to assert her rights protected under state law.

51. But for Defendants' intent to discriminate against Plaintiff because of her religion and race/ national origin, Defendants would not have terminated Plaintiff, retaliated against her, or subjected him to discriminatory terms and conditions of employment.

52. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused her harm to her reputation and professional mobility; and has caused her humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against

Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of religion and race/ national/origin;
b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate position, with appropriate increases, benefits status, and promotional opportunities;
c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amount to be determined at trial;
d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4,42-112,2, and 28-5-24;
e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4. 42-112-2. and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

h. any and all penalties and damages available pursuant to ERISA; and

i. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Channavy Chhay
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-5802
401-272-4520 (FAX)