**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHANNAVY CHHAY | : | |
| Plaintiff, | : | C.A. No. 07-397 ML |
| v. | : | |
| CITY YEAR, INC. and MICHAEL GOLDSTEIN | : | |
| Defendants. | : | |

**DEFENDANTS CITY YEAR, INC. AND**
**MICHAEL GOLDSTEIN'S PARTIAL MOTION TO DISMISS**

Defendants City Year, Inc. ("City Year") and Michael Goldstein hereby move, pursuant to Rules 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure, for partial dismissal of Plaintiff's Complaint. As set forth in the memorandum of law filed contemporaneously herewith, Defendants' Partial Motion to Dismiss should be granted because Plaintiff's claims under Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.*, are barred by the statute of limitations.

Dated: Providence, Rhode Island
January 30, 2008

Defendants, CITY YEAR, INC. and
MICHAEL GOLDSTEIN

By their attorneys,

/s/ Jaime J. LaPorte
Richard R. Beretta (#4313)
Jaime J. LaPorte (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
rberetta@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008, a copy of Defendants City Year, Inc. and Michael Goldstein's Partial Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jaime J. LaPorte

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHANNAVY CHHAY<br><br>Plaintiff,<br><br>v.<br><br>CITY YEAR, INC. and<br>MICHAEL GOLDSTEIN<br><br>Defendants. | C.A. No. 07-397 ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITY YEAR, INC. AND MICHAEL GOLDSTEIN'S PARTIAL MOTION TO DISMISS**

Defendants City Year, Inc. ("City Year") and Michael Goldstein respectfully submit this memorandum of law in support of their Partial Motion to Dismiss pursuant to Rules 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure. As set forth in greater detail below, Defendants' Partial Motion to Dismiss should be granted because Plaintiff's claims under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq.*, are barred by the statute of limitations.

FACTUAL BACKGROUND

Plaintiff was hired by City Year, a non-profit corporation, as the Program and Services Director, in August 2004. *See* Plaintiff's Complaint at ¶¶ 7 and 14. On February 1, 2005, Plaintiff was informed that she was being terminated. *See id*. at ¶¶ 31 and 32. Thereafter, Plaintiff filed a charge of discrimination with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission.

*See id* at ¶ 4. After receiving a notice of right to sue, Plaintiff filed a Complaint in the United States District Court for the District of Rhode Island on October 24, 2007. *See* Plaintiff's Complaint at ¶ 5. In her Complaint, Plaintiff alleges that City Year and her supervisor, Michael Goldstein, discriminated and retaliated against her on the basis of race and religion in violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq*., the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq*., and Title VII of the Civil Rights Act of 1964.

STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss for failure to state a claim upon which relief may be granted. Rule 12(c) of the Federal Rules of Civil Procedure allows for a party to move for judgment on the pleadings. In ruling on a motion to dismiss under Rule 12(b)(6), the court must find, based on the allegations in the complaint, that the "plaintiff will be unable to prove facts sufficient to support the claim for relief." Rivera v. State of Rhode Island, 312 F.Supp. 2d 175, 177 (D.R.I. 2004). The Court must accept as true "the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). "However, when it appears that the plaintiff would not be entitled to relief even when allegations are viewed in the light most favorable to [it], dismissal is appropriate." Stinson v. Simplexgrinnell LP, 152 Fed. Appx. 8, at * 6 (1st Cir. 2005).

Under Rule 12(c), the court applies a standard comparable to a motion to dismiss under Rule 12(b)(6). See Rivera, 312 F. Supp. 2d at 177. The court "must accept all of

the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in that party's favor." Id. "The only distinction is that, in the case of a Rule 12(c) motion, the question, generally, is not whether the plaintiff might be able to prove additional facts sufficient to support its claim; but, rather, whether it is clear from the facts alleged that the plaintiff cannot prevail." Id.

In this case, it is clear from the facts alleged in Plaintiff's complaint that the Plaintiff cannot prevail in her claims under the RICRA. Accordingly, dismissal of Plaintiff's claims under the RICRA is appropriate.

## ARGUMENT

Plaintiff's claims under the RICRA should be dismissed because they are barred by the statute of limitations. In *Horn v. Southern Union, Co*., 927 A.2d 292 (R.I. 2007), the Rhode Island Supreme Court held that the statute of limitations for actions under the RICRA is one (1) year.

In this case, Plaintiff was terminated on or about February 1, 2005. Plaintiff did not file suit, however, until October 24, 2007, well beyond the one-year statute of limitations period. Accordingly, Plaintiff's claims under the RICRA are barred and should be dismissed by the Court.

## CONCLUSION

For the foregoing reasons, Defendants City Year, Inc. and Michael Goldstein respectfully request that the Court grant their Partial Motion to Dismiss Plaintiff's claims under the Rhode Island Civil Rights Act.

Dated: Providence, Rhode Island
January 30, 2008

CITY YEAR, INC. and
MICHAEL GOLDSTEIN

By their attorneys,

/s/ Jaime J. LaPorte
Richard R. Beretta (#4313)
Jaime J. LaPorte (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
rberetta@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008, a copy of the foregoing Memorandum of Law in Support of Defendants City Year, Inc. and Michael Goldstein's Partial Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jaime J. LaPorte

*442775_1.doc*