**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHANNAVY CHHAY<br><br>Plaintiff,<br><br>v.<br><br>CITY YEAR, INC. and<br>MICHAEL GOLDSTEIN<br><br>Defendants. | : | C.A. No. 07-397 ML |

**ANSWER OF CITY YEAR, INC. AND MICHAEL GOLDSTEIN**

Defendants City Year, Inc. ("City Year") and Michael Goldstein hereby respond to Plaintiff Channavy Chhay's Complaint as follows:

1. Paragraph 1 contains conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 1.

2. City Year and Mr. Goldstein deny that they engaged in any unlawful employment practices. The remaining allegations in paragraph 2 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 2.

3. City Year and Mr. Goldstein deny that they engaged in any unlawful employment practices. The remaining allegations in paragraph 3 contain conclusions of law to which no

responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 3.

4. City Year and Mr. Goldstein admit that Plaintiff filed a timely Charge of Discrimination with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission alleging that she was subjected to unlawful discrimination on the basis of her race and religion. City Year and Mr. Goldstein deny the remaining allegations contained in paragraph 4.

5. City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. City Year and Mr. Goldstein admit that City Year is a non-profit corporation that operates a youth service program. City Year and Mr. Goldstein admit that City Year operates in seventeen U.S. cities, one of which is Providence, Rhode Island. City Year and Mr. Goldstein admit that Mr. Goldstein was the Executive Director of the Providence, Rhode Island City Year site from December 8, 2004 until Plaintiff was terminated effective February 11, 2005.

8. City Year and Mr. Goldstein deny the allegations contained in paragraph 8.

9. The allegations in paragraph 9 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 9.

10. The allegations in paragraph 10 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 10.

11. The allegations in paragraph 11 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 11.

12. The allegations in paragraph 12 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the allegations set forth in paragraph 12.

13. City Year and Mr. Goldstein deny that any of the managers or supervisors of City Year engaged in any discriminatory treatment of Plaintiff. The remaining allegations in paragraph 13 contain conclusions of law to which no responsive pleading is required. To the extent that any responsive pleading may be required, City Year and Mr. Goldstein deny the remaining allegations set forth in paragraph 13.

14. City Year and Mr. Goldstein admit the allegations contained in paragraph 14.

15. City Year and Mr. Goldstein admit that managing relationships and contracts with school and associations for whom City Year Rhode Island performed community service was part of Plaintiff's job duties as Program and Service Director.

16. City Year and Mr. Goldstein deny the allegations contained in paragraph 16.

17. City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

[15]. City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph [15] [sic].

[16.] City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph [16] [sic].

[17.] City Year and Mr. Goldstein admit the allegations contained in paragraph [17] [sic].

18. City Year and Mr. Goldstein admit that Ann-Marie Reddy left her position as Executive Director on November 5, 2004.

19. City Year and Mr. Goldstein admit that Mr. Goldstein was hired as the Executive Director of the Providence, Rhode Island City Year site on December 8, 2004.

20. City Year and Mr. Goldstein deny the allegation contained in paragraph 20.

21. City Year and Mr. Goldstein deny that Mr. Goldstein disregarded Plaintiff's suggestions and contributions. City Year and Mr. Goldstein further deny that Mr. Goldstein did not make eye contact with Plaintiff, that Mr. Goldstein rebuffed Plaintiff or that Mr. Goldstein treated Plaintiff's Caucasian peers differently that Plaintiff.

22. City Year and Mr. Goldstein deny the allegations contained in paragraph 22.

23. City Year and Mr. Goldstein deny the allegations contained in paragraph 23.

24. City Year and Mr. Goldstein deny that Mr. Goldstein behaved differently towards Plaintiff's Caucasian co-workers. City Year and Mr. Goldstein are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. City Year and Mr. Goldstein admit that Mr. Goldstein met with Plaintiff's subordinates, on occasion, to discuss the projects that Plaintiff abdicated responsibility for.

26. City Year and Mr. Goldstein admit that Plaintiff's spoken English language skills were proficient and adequate for her position. City Year and Mr. Goldstein deny the remaining allegations in paragraph 26.

27. City Year and Mr. Goldstein deny the allegations contained in paragraph 27.

28. City Year and Mr. Goldstein deny the allegations contained in paragraph 28.

29. City Year and Mr. Goldstein deny the allegations contained in paragraph 29.

30. City Year and Mr. Goldstein admit that Mr. Goldstein sent an email to a group e-mail list, which Mr. Goldstein thought included the Plaintiff. City Year and Mr. Goldstein deny the remaining allegations contained in paragraph 30.

31. City Year and Mr. Goldstein admit that Mr. Goldstein went to Plaintiff's office and asked to escort her to the 4th floor of the building on February 1, 2005.

32. City Year and Mr. Goldstein admit that Plaintiff was brought by Mr. Goldstein to meet with Dan McAllister, the Employee Relations Director, on February 1, 2005 and that Plaintiff was told that she could resign or be terminated. City Year and Mr. Goldstein deny the remaining allegations contained in paragraph 32.

33. City Year and Mr. Goldstein admit that Mr. Goldstein said that he was leaving Plaintiff with Dan McAllister to talk about administrative matters. City Year and Mr. Goldstein deny the remaining allegations contained in paragraph 33.

34. City Year and Mr. Goldstein deny the allegations contained in paragraph 34.

35. City Year and Mr. Goldstein deny the allegations contained in paragraph 35.

36. City Year and Mr. Goldstein deny the allegations contained in paragraph 36.

37. City Year and Mr. Goldstein deny the allegations contained in paragraph 37.

## Count I
## The Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.*

38. In response to paragraph 38, City Year and Mr. Goldstein incorporate and restate their responses to paragraphs 1 through 37 as though fully set forth herein.

39. Paragraph 39 is subject to a pending motion to dismiss. To the extent that a response is required, City Year and Mr. Goldstein deny the allegations contained in paragraph 39.

40. Paragraph 40 is subject to a pending motion to dismiss. To the extent that a response is required, City Year and Mr. Goldstein deny the allegations contained in paragraph 40.

41. Paragraph 41 is subject to a pending motion to dismiss. To the extent that a response is required, City Year and Mr. Goldstein deny the allegations contained in paragraph 41.

42. Paragraph 42 is subject to a pending motion to dismiss. To the extent that a response is required, City Year and Mr. Goldstein deny the allegations contained in paragraph 42.

## COUNT II

## Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, et seq.

43. In response to paragraph 43, City Year and Mr. Goldstein incorporate and restate their responses to paragraphs 1 through 37 as though fully set forth herein.

44. City Year and Mr. Goldstein deny the allegations contained in paragraph 44.

45. City Year and Mr. Goldstein deny the allegations contained in paragraph 45.

46. City Year and Mr. Goldstein deny the allegations contained in paragraph 46.

47. City Year and Mr. Goldstein deny the allegations contained in paragraph 47.

## COUNT III
## Title VII of The Civil Rights Act of 1964

48. In response to paragraph 48, City Year and Mr. Goldstein incorporate and restate their responses to paragraphs 1 through 37 as though fully set forth herein.

49. City Year and Mr. Goldstein deny the allegations contained in paragraph 49.

50. City Year and Mr. Goldstein deny the allegations contained in paragraph 50.

51. City Year and Mr. Goldstein deny the allegations contained in paragraph 51.

52. City Year and Mr. Goldstein deny the allegations contained in paragraph 52.

WHEREFORE, Defendants City Year and Mr. Goldstein request that that this Court:

1. Enter judgment in favor of Defendants City Year and Mr. Goldstein on the claims set forth in Plaintiff's Complaint;

2. Award Defendants City Year and Mr. Goldstein their costs, expenses and attorneys' fees; and

3. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendants City Year and Mr. Goldstein hereby demand a trial by jury on all counts in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claim for violation of the Rhode Island Civil Rights Act, 42-112-1 *et seq*. is barred by the statute of limitations.

**Third Affirmative Defense**

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves their right to amend their answer to assert each such defense or defenses.

Dated: Providence, Rhode Island
January 30, 2008

CITY YEAR, INC. and
MICHAEL GOLDSTEIN

By their attorneys,

/s/ Jaime J. LaPorte

Richard R. Beretta (#4313)
Jaime J. LaPorte (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
rberetta@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2008, a copy of the foregoing Answer on behalf of City Year, Inc. and Michael Goldstein was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jaime J. LaPorte

*439427_1.doc*