**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Channavy Chhay,
Plaintiff

C.A. No.07- 397 ML

v.

City Year, Inc. and Michael Goldstein
Defendants

# RULE 16 STATEMENT

## I. INTRODUCTORY STATEMENT

This action was commenced by Channavy Chhay (hereafter "CHHAY" or "Plaintiff") against CITY YEAR, INC. AND MICHAEL GOLDSTEIN (hereafter "Defendants" or "Employers"), in order to remedy and seek relief for the Defendants' alleged unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., in addition to other federal, state, and common law claims. Plaintiff, with the Defendants' assent, subsequently withdrew Count I of her Complaint, the R.I. Civil Rights Act, R.I. Gen. Law §42-112-1 *et seq*.

## II. FACTUAL SUMMARY

Plaintiff was hired by the Defendant City Year, Inc. on August 16, 2004 in the position of Program and Service Director. Plaintiff was charged with managing the relationships and contracts with those schools and associations for whom City Year, Inc. performed community service. At all times, Plaintiff met or exceeded the Employers' legitimate work expectations. Plaintiff avers that she was valued by her co-workers as

professional, hardworking, and diligent. Plaintiff's race/ethnic background is Cambodian and her religion is Buddhist.

Plaintiff was hired under Ann-Marie Reddy, the company's former Executive Director. Ms. Reddy left her position as Executive Director in or about the end of October, 2004. Defendant Michael Goldstein assumed the position of Executive Director on December 16, 2004. Plaintiff first met with Defendant Goldstein on December 20, 2004. During this meeting, Plaintiff found that her suggestions and contributions were disregarded, met with no eye contact, and were rebuffed by Defendant Goldstein while he responded respectfully and courteously to her Caucasian peers. Plaintiff alleges in her Complaint that this and other misconduct was observed not only by the Plaintiff but by certain of Plaintiff's coworkers.

Plaintiff also alleges in her Complainant that when she met with Defendant Goldstein in his office, he often behaved by placing two hands behind his head, yawning, stretching, and displaying no interest in her reports regarding her work and other work-related issues. Plaintiff never observed this behavior or similar behavior which Defendant Goldstein displayed towards the Plaintiff being directed to her Caucasian co-workers.

On various occasions, Defendant Goldstein met with Plaintiff's subordinates to discuss issues that were in the scope of Plaintiff's position but which he failed to discuss with her. Defendant Goldstein curtly stated to the Plaintiff that he "[didn't] understand her," indicating that he thought her English was below par. In fact, Plaintiff's command of the English language is proficient, and entirely adequate for her position and duties with the Employer. Plaintiff alleges that Defendant Goldstein consistently failed to acknowledge or recognize the contributions made by the Plaintiff to the Employer while often recognizing the work done by her Caucasian peers. Defendant Goldstein often undermined Plaintiff's work with her staff and volunteers, circumventing her because he said he "did not understand her," implying that some sort of language barrier existed. On one occasion, Defendant Goldstein did not inform Plaintiff of his intention to take one of

her staff members to a meeting at the National office. Defendant Goldstein invited Plaintiff's staff, *excluding* Plaintiff, to dinner via e-mail. In a malicious attempt to demean and taunt the Plaintiff, Goldstein copied her on this e-mail.

On February 1, 2004, Defendant Goldstein went to Plaintiff's office and asked to escort her to the 4th floor of the building (City Year offices are on the 3rd floor.) On this date, Plaintiff was brought by Defendant Goldstein to meet with Dan McAllister, Manager of Human Resources of City Year National. At this meeting, Defendant Goldstein informed Plaintiff that she was "not a match with where the organization was heading." Plaintiff inquired if she had done anything wrong and was informed by Defendant Goldstein "Nothing, that's just how it is." Defendant Goldstein then said, "I am leaving and if you have further questions, feel free to ask Dan." Plaintiff inquired of the Manager of Human Resources if she had done anything wrong and he said, "Nothing, nothing" and proceeded with her termination. Since her termination, Plaintiff's title has been assigned to a Caucasian employee.

## III. LEGAL ISSUES

No unusual legal issues are anticipated in this matter. This action presents a straightforward discrimination claim, relying heavily on resolutions of credibility, primarily with respect to the Plaintiff's evidence of the Defendants' discriminatory motive and their proffered reason for her termination.

## IV. SUMMARY OF PROCEEDINGS TO DATE

Plaintiff filed her Complaint on October 24, 2007. As cited in Section I of this statement, Plaintiff, with the Defendants' assent, withdrew Count I, the R.I. Civil Rights Act, R.I. Gen. Laws §42-112-1 *et seq*., on February 19, 2008. To date, the Parties have not engaged in written discovery or conducted any depositions. The Plaintiff is amenable to participating in the Court's alternative dispute resolution program.

Respectfully Submitted,
Plaintiff
Channavy Chhay
By Her Attorney,

/s/ Stephen T. Fanning
Stephen T. Fanning (#3900)
305 South Main Street
Providence, RI 02903
401-272-5802
401-272-4520 (FAX)

Certification

I hereby certify that a true and correct copy of the above was electronically filed and served by mail upon anyone unable to accept electronic filing. Notice of this filing was sent by electronic transmission to counsel for the Defendants: Richard R. Beretta, Esq., & Jaime J. LaPorte, Esq., of Adler Pollock & Sheehan, PC through the Court's electronic filing system.

/s/ Stephen T. Fanning